MARTHA KIMLER, Administratrix, Appellant, v. PEOPLE'S
GAS & ELECTRIC COMPANY et al., Appellees.

NEGLIGENCE: Proximate Cause. Evidence reviewed, and held
quite insufficient to show that the alleged negligent condition
of a street was the proximate cause of an accident.

*Appeal from Des Moines District Court.*—OSCAR HALE,
Judge.

FEBRUARY 17, 1919.

ACTION for damages for negligence resulting in the
death of plaintiff's intestate. At the close of the evidence,
there was a directed verdict for the defendants.—*Affirmed.*

*Hirsch & Riepe,* for appellant.

*J. J. Seerley, S. K. Tracy, Harold Wilson,* and *B. P.
Poor,* for appellees.

EVANS, J.—On March 12, 1916, at six o'clock in the morning, T. W. Kimler was killed upon a street of the city of Burlington by the overturning of his automobile. His companion was Smith, who was the plaintiff's principal witness, and the only witness to the events leading to the accident. Kimler, with Smith, was driving north on Leebrick Street, a paved street, 40 feet wide between the curbs, and occupied in part by the tracks of the street railway company. The railway line is laid upon the west half of the street, being 12 feet distant from the west curb and 24 feet distant from the east curb. In the course of the driving, the automobile came in contact with the curb, and then turned in a circle and tipped over. The ground of negligence charged is that there was a defect in the street, at a place about 120 feet south of the place of the accident. It appears that, for a distance of about 70 feet, some bricks had been removed from the pavement, in close proximity to the east rail of the railway. The frost had so heaved the pavement, close to the rail, that it was deemed best to remove a line of bricks next to the rail, and it was so done. The space from which bricks were thus removed was either 4 inches or 8 inches wide. The bed upon which the bricks were laid, and which was thus exposed, was a bed of cinders. The theory of the plaintiff is that Kimler drove his wheel into this groove, the depth of which would be about 2 inches, and that he thereby in some manner disabled his car and lost control thereof, and that this was the cause of his contact with the curb. It was discovered after the accident that the steering rods were badly bent. This could have occurred by the collision with the curb; but it is the theory of the plaintiff that it occurred by reason of the alleged defect in the street. Smith testified that Kimler was driving "straddle of the east rail," and that he felt some jolting at or near the place where the bricks had been removed. The bricks re-

moved were not left in the street, but were piled upon the parking.  The theory of the plaintiff is that the removal of the bricks and the failure to replace them was negligence, whatever the reason therefor.  The street railway company and the defendant city are joined as defendants.

We have read the record with much care.  We are impressed that it furnishes a very inadequate explanation of the accident.  The laying of the rails of a street railway in a paved street necessarily creates something in the nature of a groove in the pavement.  There is nothing in the evidence from which it can be said that the exposure of the cinder bed next to the rails for an additional width of from 4 to 8 inches presented any additional danger to travel.  Neither is there a suggestion of evidence that the wheel of the auto was traveling in such groove.  The actual condition of the street in that regard was apparent to mere casual observation.  The time was just after sunrise, and there was nothing to obstruct the view.  No other vehicles were upon this street.  The driver had his choice of place thereon.  He was confessedly on the wrong side of the street.  He had a perfect pavement to his right, where he belonged.  Taking the evidence as a whole, therefore, and notwithstanding that the plaintiff has the benefit of the direct evidence of Smith, who was a witness to all that preceded the accident, the explanation of it is wholly inadequate, and the cause of it is left wholly to inference.

On the other hand, the history of the few hours preceding the accident is not without its significance, and furnishes a more adequate explanation of the accident than any other testimony in the record.  These parties had been up all night.  They had engaged in a social game.  Upon the table was a supply of "sweet cider" and one quart bottle of whiskey.  According to Smith, considerable of the cider was consumed, but very little of the whiskey.  He testified however, that Kimler and he each took a "little glass of

whiskey" just before they started away. Under our statute, it is a misdemeanor for one to drive an automobile while in an intoxicated condition. There is no evidence, in terms, that Kimler was intoxicated. But intoxication is a question of degree, and a little glass of whiskey is the gate through which it comes.

Upon the whole record, we reach the conclusion that the evidence would not sustain a verdict that the accident was caused through any negligence of the defendants, and the judgment of the trial court is, therefore,—*Affirmed.*

LADD, C. J., SALINGER and STEVENS, JJ., concur.